NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—August, 1886.

MATTER OF PLACE.

*In the matter of the estate of* SUSAN A. PLACE, *deceased.*

The authority of an administrator with the will of a decedent annexed is, under Code Civ. Pro., § 2582, *ipso facto* suspended by an appeal from the decree granting his letters, and so remains unless the Surrogate by order confers upon him the limited powers in that section specified.

MOTION for stay of proceedings, pending appeal from decree granting letters of administration with decedent's will annexed.

CHAS. F. WELLS, *for the motion.*

THOS. P. SHERMAN, *opposed.*

THE SURROGATE.—An appeal having been taken from the decree whereby Emeline P. Hayward was appointed administratrix, *c. t. a.*, of the estate of this testatrix, I am asked by the appellants to grant a stay of proceedings. The application is opposed on behalf of the administratrix to whom letters have been issued pursuant to the direction of the decree. Section 2582 of the Code of Civil Procedure declares that an appeal from a decree granting letters of administration shall not stay the issuing of the letters, " where, in the opinion of the Surrogate manifested by an order, the preservation of the estate requires that the letters shall issue." The section further provides that, in case letters shall have been actually issued before such appeal, the executors or administrators may exercise certain power and authority " on a like order of the Surrogate." The appeal in this case has, therefore, operated, *ipso facto*, as a stay, and authority of the administratrix pending such appeal is suspended, unless and until an order shall be made by the Surrogate, manifesting his opinion that the preservation of the estate demands the exercise by the administratrix of such limited authority as that for which § 2582 provides.